IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

McCLAIN & CO., INC.,
    19152 Germana Highway
    Culpeper, Virginia 22701

    Plaintiff,

v.                                                                    CIVIL ACTION NO. _____

MARK DAVID CARUCCI,
    213 Van Buren Street
    Lyndhurst, New Jersey 07071,

and

MPT RENTALS, INC.

Serve:  Frank Carucci, Agent
        24 Landis Place
        Clifton, NJ 07013

    Defendants.

## COMPLAINT

The Plaintiff, McClain & Co., Inc., ("McClain"), by and through its undersigned counsel, brings this action against Defendants Mark David Carucci ("Carucci"), and MPT Rentals, Inc. ("MPT") (collectively, the "Defendants" and each, a "Defendant"), and respectfully requests that this Court grant the injunctive relief, damages and other relief sought herein against each of the Defendants.

## INTRODUCTION

1. This is an action for a preliminary and permanent injunction, damages and other appropriate relief arising out of the Defendants' breach of contract.

**PARTIES**

2.     McClain is a corporation organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business in Culpeper, Virginia.

3.     Carucci is a resident of Lyndhurst, New Jersey.  Upon information and belief, Carucci is a director, officer, shareholder and/or employee of MPT.

4.     MPT is a corporation organized and existing under the laws of the State of New Jersey and has its principal place of business in Rutherford, New Jersey.

**JURISDICTION AND VENUE**

5.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a).

6.     This Court has personal jurisdiction over Carucci because (a) Carucci has entered into a Settlement and Release Agreement ("the Agreement"), a copy of which is attached hereto as Exhibit 1, consenting to the exclusive personal jurisdiction of this Court; (b) Carucci has breached certain contractual obligations in Virginia owed to McClain; and (c) Carucci has caused tortious injury to McClain in Virginia.

7.     This Court has personal jurisdiction over MPT because MPT, acting together with Carucci and/or as the alter ego of Carucci, has caused Carucci to breach certain contractual obligations in Virginia owed to McClain and caused tortious injury to McClain in Virginia.

8.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this district. Venue is also proper in this judicial district because, as set forth in the Agreement, Carucci consented to venue in this Court.

## FACTS

9. McClain engages in a wide range of business activities in several states, including traffic maintenance services, under-bridge repairs, construction, and equipment sales and rentals.

10. From approximately August 20, 2007 until March 29, 2010, Carucci, who was based in New Jersey, was employed by McClain as a Regional Manager to market and perform a wide variety of services on behalf of McClain in several northeastern and mid-Atlantic states, including New Jersey, New York and Massachusetts.

11. During Carucci's employment with McClain, McClain determined that Carucci had unlawfully and wrongfully diverted and misappropriated funds belonging to McClain in a sum estimated to be no less than Two Hundred Eighty Five Thousand Seven Hundred and Ninety Three Dollars ($285,793.00).

12. Specifically, McClain determined that Carucci had, for example, submitted false payroll records such that employees and/or contractors were paid by McClain for services and work that they did not perform and the payments made by McClain were retained by Carucci.

13. In order to resolve these claims, on or about July 2, 2010, Carucci and McClain entered into the Agreement.

14. Among other things, the Agreement specified that in exchange for payment by Carucci of $250,000 and subject to Carracci's compliance with agreed restrictive covenants, McClain would release him from claims relating to his misconduct.

15. The Agreement contained restrictive covenants, pursuant to which Carucci agreed that, for a period of thirty (30) months beginning on March 29, 2010, he would

not engage in "Competing Services" (as such term is defined in Exhibit A to the Agreement) anywhere within the seven-state region of New Jersey, New York, Connecticut, Pennsylvania, Massachusetts, Delaware and Maryland.  Carucci further agreed not to own, serve as a director, officer or manager of, or control any entity or business providing Competing Services in the same seven-state territory.

16. The restrictive covenants were a material part of the Agreement and Carucci's agreement to such restrictive covenants materially induced McClain to enter into the Agreement.

17. Contrary to his contractual obligations in the Agreement, six days after he signed the Agreement, Carucci, who on information and belief was acting in concert with his grandfather, Frank Carucci, established MPT as a competing business to McClain. Since its formation, MPT has conducted services that fall squarely within the definition of "Competing Services" under the Agreement.

18. Currently, Carucci and MPT advertise that they provide products and services nationwide, are a "one stop shop" for traffic equipment and safety needs, and can dispatch traffic control crews within the same day of a call from a customer.

19. Carucci and MPT advertise that MPT is located in Rutherford, New Jersey, just "5 miles from NYC" and, therefore, clearly performing Competing Services within the seven-state territory described in the Agreement.

20. MPT's advertised telephone number on its website belongs to Carucci.

21. Carucci and MPT own and maintain traffic safety equipment similar to those owned and maintained by McClain.

22. Although the full extent of Carrucci's breach of the Agreement is not yet known, upon information and belief, Carucci and MPT have provided Competing Services in at least both New Jersey and New York.

### COUNT I: BREACH OF CONTRACT
(Against Carucci)

23. McClain incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint.

24. The Agreement entered into by and between McClain and Carucci is a valid, lawful and enforceable contract.

25. By his actions described above in setting up, owning and/or working for a competing business and providing services in direct violation of the restrictive covenants contained in the Agreement, Carucci has willfully breached the Agreement.

WHEREFORE, McClain is entitled to (1) injunctive relief restraining Carucci from further violations of the Agreement; (2) an Order extending the period of the restrictive covenants for a period of thirty (30) months from the date of such Order; (3) an award of compensatory damages sustained by McClain as a result of Carucci's breach of the Agreement; (4) an award of its attorneys' fees and costs; and (5) all other appropriate legal and equitable relief.

### COUNT II- CONVERSION
(Against Carucci)

26. McClain incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint.

27. While employed by McClain, Carucci stole, misappropriated and embezzled funds from McClain totaling at least $285,793.

28. As a result of Carucci's breaches of the restrictive covenants set forth in the Agreement, the releases of McClain set forth in the Agreement are null and void and no longer binding on McClain.

29. As a result of Carucci's conversion of McClain's assets, McClain has sustained loss and damages in an amount of not less than $285,793 and has only received restitution from Carucci in the amount of $250,000.

WHEREFORE, McClain is entitled to (1) an award of damages in an amount to be determined at trial, but not less than $35,793; (2) an award of punitive damages in the amount of $350,000; and (3) all other appropriate legal and equitable relief.

## COUNT III- TORTIOUS INTERFERENCE WITH CONTRACT
### (Against MPT)

30. McClain incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint.

31. MPT, having knowledge of the Agreement entered into between McClain and Carucci, improperly induced Carucci to breach the Agreement.

32. By engaging in the conduct described above, MPT has improperly, intentionally, and wrongfully interfered with McClain's contractual relations for its own benefit, without right or justification, and at the expense of McClain.

33. MPT committed the acts described above with actual malice, evil motive, and with the intent to injure and harm McClain.

34. The actions of MPT as described above, have caused, and unless restrained, will continue to cause, McClain severe, immediate and irreparable injury, including lost profits, consequential damages, and irreparable injury to its reputation, customer relationships, and goodwill, for which McClain has no adequate remedy at law.

WHEREFORE, McClain is entitled to (1) injunctive relief restraining Carucci and MPT from further tortious behavior; (2) an award of damages, including compensatory and punitive damages; and (3) all other appropriate legal and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by counsel, respectfully prays that this Court enter judgment against each Defendant, jointly and severally, and grant and award McClain the following relief:

1. A preliminary and permanent injunction restraining each Defendant and his/its agents, employees, partners, representatives, and attorneys, and all persons in active concert or participation with any of them, from promoting, advertising, publicizing, offering for sale, providing or performing any services that constitute "Competing Services" as defined in the Agreement within the seven-state territory described in the Agreement for a period of thirty (30) months from the date of entry of the injunction.

2. An Order requiring Carucci and MPT to provide a full accounting of all work, proceeds and profits from the operation of MPT in the seven-state territory described in the Agreement.

3. An Order imposing a constructive trust on all proceeds and profits of Carucci and MPT from the operation of their business within the seven-state territory described in the Agreement.

4. An award of compensatory damages in an amount to be determined at trial, but not less than Three Hundred Thousand Dollars ($300,000).

5. An award of punitive Damages in an amount to be determined at trial, but not less than Three Hundred and Fifty Thousand Dollars ($350,000).

6. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

The Plaintiff hereby demands a trial by jury of all claims so triable.

                McCLAIN & CO., INC.
                By Counsel


/s/ Richard Armstrong
PATRICK C. ASPLIN (VSB #46620)
RICHARD ARMSTRONG (VSB #46053)
Of Lenhart Obenshain PC
100 10th Street N.E., Suite 300
Charlottesville, Virginia 22902
(434) 220-6105
(434) 220-6102 (Fax)
pca@lolawfirm.com
rca@lolawfirm.com


LO.266118.DOC